**Eddie L. SPIGNER, Petitioner,**

v.

**DEPARTMENT OF THE AIR FORCE, Respondent.**

No. 01–3062.

United States Court of Appeals, Federal Circuit.

Oct. 16, 2001.

Before LOURIE, Circuit Judge, PLAGER, Senior Circuit Judge, and GAJARSA, Circuit Judge.

PER CURIAM.

Eddie L. Spigner appeals the decision of the Merit Systems Protection Board ("MSPB" or "Board"). The Board concluded that the Air Force ("agency") did not violate Mr. Spigner's veterans' preference rights when hiring officials at Warren Air Force Base did not select Mr. Spigner for the position of Construction Inspector, GS–809–7, temporary—not to exceed one year. Because the agency did not have the opportunity to apply the appropriate law to the correct set of facts, we *vacate* and *remand.*

In February 1999, Warren AFB had an opening for the position of Construction Inspector, GS–809–7, temporary—not to exceed one year. In accordance with its hiring process for civilian positions, Warren AFB contacted the Air Force Personnel Center (AFPC) at Randolph AFB, which maintains a database of resumes of external applicants. The AFPC referred the names of four veterans, including Mr.

Spigner, all of whom were identified as 5–point preference eligibles. As a disabled veteran, Mr. Spigner was entitled to a 10–point preference, but was not identified as a 10–point veteran because the AFPC had not received the proper notification from the Department of Veterans Affairs. The hiring official selected one of the other veterans for the Construction Inspector position because that candidate had the most experience with construction inspection.[1]

Following his non-selection, Mr. Spigner filed a complaint with the U.S. Department of Labor's Veterans Employment and Training Service (VETS). The investigating official concluded that Mr. Spigner's veterans' preference rights had not been violated, and that the agency would not have been required to select Mr. Spigner even if he had been identified correctly as a 10–point preference eligible. Mr. Spigner appealed to the MSPB. Before the Administrative Judge (AJ), the parties agreed to two factual stipulations: the agency should have considered Mr. Spigner to be a 10–point veteran when it filled the Construction Inspector position, and Mr. Spigner met the minimum qualifications for that position. The AJ denied Mr. Spigner's request for relief, agreeing with VETS that the agency was permitted to pass over Mr. Spigner to choose a 5–point veteran. The MSPB reopened the case to modify the opinion, but affirmed the AJ's initial decision.

The issue presented in this case, whether the agency was required under veterans' preference law to select Mr. Spigner for the Construction Inspector position, is made more complicated by several circumstances. For one, petitioner is pro se, so understandably there is a dearth of legal analysis on his side of the case. More problematic, the agency official who considered his application for employment made a decision based on information that the agency now concedes was incorrect, i.e., Mr. Spigner was considered to be a 5–point veteran, when in fact he was entitled to consideration as a 10–point veteran. Moreover, the VETS investigating official, although he recognized the position was filled from an unranked list pursuant to 5 C.F.R. § 333.201, erroneously considered the position subject to excepted service rules, including 5 C.F.R. § 302.401.[2] The MSPB, in its initial decision by the AJ, continued the error of applying § 302.401 in analyzing Mr. Spigner's claim.

The MSPB, acting as a board, tried to straighten the mess out, and cited and analyzed the correct regulation, 5 C.F.R. § 333.201. The difficulty remaining, howev-

**1.** Mr. Spigner appears to argue that he did not apply for the Construction Inspector position, but instead applied for a Housing Manager/Inspector position. The record shows that Mr. Spigner was considered for the Construction Inspector position and that he appealed his non-selection for that position to the MSPB. Any complaint he had with respect to another position should have been pursued separately.

**2.** 5 C.F.R. § 302.401 provides that:

When making an appointment from a ... regular list on which candidates have not received numerical scores, an agency must make its selection from the highest available category, as long as at least three can-

didates remain in that group. When fewer than three candidates remain in the highest category, consideration may be expanded to include the next category.

This rule is often referred to as the "rule of three." As noted, § 302.401 applies to positions in the excepted service, not temporary positions in the competitive service such as the position at issue here. If the rule did apply to the Construction Inspector position, the agency would have been permitted to select either a 10–point preference eligible (Mr. Spigner) or a 5–point preference eligible. The regulations pertaining to temporary positions, however, do not include a "rule of three."

er, is that in doing so, and in upholding the decision of the agency, the MSPB assumed it knew what the agency would have done had it known the correct facts and had it applied the correct law. We are not prepared to make that assumption.

So there be no misunderstanding, we agree with the MSPB that the agency intended to fill the position under the authority of 5 C.F.R. § 333.201, and that neither § 302.401, nor the Veterans Readjustment Act, applies to the case. We are less clear on exactly how the "preference" to which petitioner was entitled under § 333.201(b) should have been awarded to him in the course of consideration for employment.[3] The MSPB analogized it to "priority consideration," but that is a term of art used in another context, and not a phrase found in this regulation.

The record is not helpful in telling us what the agency would have done had it applied the correct regulation to the correct set of facts. Although there is some evidence in the record that Mr. Spigner may have lacked the experience necessary for the position, the agency has stipulated that he met the minimum qualifications for the position. As noted, the agency further stipulated that Mr. Spigner should have been considered a 10–point preference eligible during the selection process. We have no indication of how the agency would have applied the correct regulation, 5 C.F.R. § 333.201(b), to those stipulated facts. In other words, when one 10–point veteran is listed on an unranked list along with 5–point preference eligibles, and the 10–point veteran meets the minimum qualifications for the position, but one or more of the 5–point preference eligibles may be more qualified, would the agency determine that the 10–point veteran is entitled to the position because he must be given first preference pursuant to § 333.201(b),

or does § 333.201(b) permit the agency to pass over the 10–point veteran to select one of the other preference eligibles? It is for the agency to make that determination in the first instance.

The MSPB's decision is vacated and the case is remanded. The Board may refer the matter to an AJ for hearing and determination under the correct facts and law, during which hearing the agency will have the opportunity to present its position regarding the application of 5 C.F.R. § 333.201(b) to the stipulated facts; or, if the Board prefers, it may remand the matter to the agency for redetermination.

---

**3.** For the position at issue, § 333.201(b) provides that "preference shall be given first" to 10–point preference eligibles and second to other preference eligibles.